DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joel Helms, appeals from the judgment of the Summit County Court of Common Pleas dismissing his mandamus petition and request for attorney fees and statutory damages. This Court affirms.
 I. {¶ 2} On November 27, 2007, Helms filed a petition for a writ of mandamus seeking certain public records from Appellee, the City of Green. In his petition, Helms also sought reasonable attorney fees and statutory damages pursuant to R.C. 149.43(C). On December 19, 2007, Helms filed a motion to dismiss his mandamus. That motion indicated that "[h]aving received public information that was requested in October, * * * Helms dismisses the first count of Mandamus action requested[.]" *Page 2 
 {¶ 3} On January 25, 2008, the trial court dismissed Helms' action pursuant to Civ. R. 41(A) and Helms' December 19, 2007 motion to dismiss. The trial court noted that Helms did not have a separate cause of action for attorney fees or statutory damages.
 {¶ 4} On February 22, 2008, Helms filed his notice of appeal. Helms' appeal is now before this Court and raises one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "COMMON PLEAS COURT INCORRECTLY TERMINATED CASE."
 {¶ 5} In his sole assignment of error, Helms argues that the trial court erred in dismissing his entire action pursuant to Civ. R. 41(A) because he only sought to dismiss his mandamus "cause of action," not his "cause of action" for attorney fees and statutory damages. We disagree.
 {¶ 6} If a public office fails to promptly prepare public records after a proper request for them, R.C. 149.43 permits a person to obtain the records through a mandamus action. Additionally, R.C. 149.43(C) provides that the person may recover attorney fees and damages in the pursuit of their mandamus action. Specifically, that section provides, in part, as follows:
 "[T]he person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section." R.C. 149.43(C)(1). See, also, R.C. 149.43(B) (requiring public office to promptly prepare and make records available for inspection upon request).
Statutory damages under R.C. 149.43(C) are only available if the court determines that a public office failed to comply with its obligation to promptly prepare and make its records available. *Page 3 
R.C. 149.43(C)(1). Similarly, the court may award attorney feesif the court issues a judgment ordering the public office to comply with its duties. R.C. 149.43(C)(2)(b).
 {¶ 7} Helms argues that R.C. 149.43 creates separate causes of action and that his claim for attorney fees and statutory damages survived when he asked the court to dismiss the public records request "cause of action" only. He avers that R.C. 149.43 creates a first and second cause of action similar to eviction proceedings pursuant to R.C. 1923.01, et seq. Thus, he argues that he should have been permitted to dismiss part of his mandamus action while sustaining the remainder.
 {¶ 8} The record reflects that Helms brought a single action and, on December 19, 2007, filed a "motion to dismiss" indicating that he wished to dismiss his mandamus action. Further, his mandamus action was comprised of a single count rather than multiple counts. Accordingly, the issue is whether the trial court properly dismissed Helms' entire action based on his request to dismiss part of the single count in that action.
 {¶ 9} The trial court dismissed Helms' action pursuant to Civ. R. 41(A) without specifying whether the dismissal was made pursuant to subsection (A)(1) or (A)(2). Civ. R. 41(A)(1) allows a plaintiff to "dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal[.]" On the other hand, Civ. R. 41(A)(2) permits a trial court to dismiss a claim "upon order of the court and upon such terms and conditions as the court deems proper." Helms' motion specifically indicated that he only wished to dismiss a portion of the single count in his action, as he no longer needed the court to order the City of Green to turn over the applicable public records. As such, the trial court could not properly have granted Helms' motion pursuant to Civ. R. 41(A)(1) because that rule does not permit a plaintiff to dismiss only a portion of a claim or require a court order or words to that effect. *Page 4 
 {¶ 10} On the contrary, the trial court had the authority to dismiss Helms' action, regardless of his request for only a partial dismissal, "upon such terms and conditions as the court deem[ed] proper." Civ. R. 41(A)(2). As Helms only brought one action comprised of a single count against the City of Green and indicated that he wanted to dismiss that sole count in his mandamus action, we cannot conclude that the trial court erred in dismissing the entire action without prejudice pursuant to Civ. R. 41(A)(2). Consequently, Helms' sole assignment of error lacks merit.
 III. {¶ 11} Helms' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
 SLABY, J. DICKINSON, J. CONCUR *Page 1